**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| MICHAEL SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>JTL GROUP, INC.,<br><br>Defendant. | **MEMORANDUM IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Case No. 26-cv-00054-ABJ |

Defendant JTL Group, Inc. ("JTL")[1] respectfully submits this Memorandum in Support of its Motion to Dismiss Plaintiff Michael Smith's First Amended Complaint ("FAC") filed November 14, 2025.[2] [3]

---

[1] The JTL Group, Inc. identified in Plaintiff's First Amended Complaint is not the proper defendant in this action. Specifically, FAC, at ¶ 17 identifies JTL Group, Inc. as being licensed to do business in North Dakota with CT Corporation System as its registered service agent. The named JTL Group has its principal place of business in Billings, Montana. However, Plaintiff's actual employer is an entity likewise named JTL Group, Inc., which is a Wyoming corporation with its principal place of business in Casper, Wyoming.

[2] Pursuant to Fed. R. Civ. P. 12(a)(4)(A), if "the court denies the motion or postpones its disposition until trial," JTL will file its Answer to the surviving count(s) in the FAC "within 14 days after notice of the court's action" – unless the Court sets a different time.

[3] As other courts within this circuit have noted, parties are not required to answer an amended complaint in "piecemeal fashion" and thus a defendant is not required to answer "part of the amended complaint now and part of the amended complaint later (should it survive the motion to dismiss)" as it would "unnecessarily burden the defendant and the Court with duplicative pleadings." *Low v. Chu*, No. 09-CV-0398-CVE-PJC, 2009 WL 4892600, at *1 (N.D. Okla. Dec. 14, 2009); *see also Hernandez v. Bd. of Cnty. Commissioners Cnty. of Grant, New Mexico*, No. CIV 05-0397 DJS/LFG, 2005 WL 8163603, at *2 (D.N.M. Aug. 31, 2005) ("The majority of courts that have addressed this question have held that a partial motion to dismiss i.e., a Rule 12(b) motion addressing fewer than all of the plaintiff's claims, extends the time for answering all claims") (listing cases).

## INTRODUCTION[4]

Plaintiff's FAC purports to assert four theories of liability pleaded within a single cause of action asserted under the Fair Labor Standards Act ("FLSA"), two of which are facially deficient theories that cannot withstand JTL's motion to dismiss under Rule 12(b)(6).

First, Plaintiff alleges JTL miscalculated his regular rate by failing to include non-discretionary bonuses. FAC, at ¶¶ 58–69. But Plaintiff's allegations rest solely on the self-serving "non-discretionary" label and regulatory buzzwords, without factual enhancement showing any criteria, formula, promise, or entitlement that would make such a conclusion plausible. Second, Plaintiff alleges there were occasions where "several" hours earned in one "pay period" were paid "weeks later in the form of 'retro pay.'" *See id*. at ¶¶ 70–71. For the "late pay" claim, Plaintiff alleges a delayed payment, but he does not allege any facts showing when the pay could reasonably have been computed or how the alleged delay was unreasonable.

As a result, Plaintiff's second attempt to allege plausible claims futilely repeats the pleading deficiencies in his original Complaint and the Court should dismiss these claims with prejudice.[5]

## APPLICABLE LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion is to "allow the court to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *DeWilde v. Att'y Gen. of United States*, No. 24-CV-84-

---

[4] For purposes of this Motion to Dismiss under Rule 12(b)(6), JTL accepts as true all well-pleaded facts alleged in the FAC. JTL reserves its right to contest such facts for other purposes.

[5] Plaintiff originally filed this matter in the United States District Court for the District of North Dakota. Defendant raised concerns with Plaintiff's original complaint and, after counsel conferred, Plaintiff filed the FAC on November 14, 2025. The parties subsequently filed a joint motion to transfer venue to this Court, where venue is proper.

SWS, 2024 WL 4643681, at *1 (D. Wyo. Oct. 16, 2024), *aff'd sub nom. DeWilde v. Att'y Gen. of United States*, No. 24-8071, 2025 WL 1637695 (10th Cir. June 10, 2025), *cert. denied sub nom. DeWilde v. Bondi*, 146 S. Ct. 364, 223 L. Ed. 2d 195 (2025) (quoting *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993)). Only plausible claims survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). There are two steps to analyzing plausibility under *Iqbal*.

First, courts "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *E.g., VDARE Found. v. City of Colo. Springs*, 11 F.4th 1151, 1159 (10th Cir. 2021) (quoting *Iqbal*, 556 U.S. at 679). "[T]hreadbare recitals of a cause of action's elements, supported by mere conclusory statements," are not entitled to the assumption of truth. *Iqbal*, 556 U.S. at 678. "A conclusory allegation is one in which an inference is asserted without stating underlying facts or including any factual enhancement." *Matney v. Barrick Gold of N. Am.*, 80 F.4th 1136, 1144 (10th Cir. 2023) (cleaned up). "[T]he court need not accept conclusory allegations without supporting factual averments." *VDARE*, 11 F.4th at 1159 (cleaned up). A pleading cannot survive a motion to dismiss if it only asserts "labels and conclusions," "formulaic recitation[s] of the elements," and "naked assertions devoid of further factual enhancements." *Iqbal*, 556 U.S. at 678.

And second, courts assume the veracity of the remaining factual allegations and determine whether they plausibly allege a claim. *See VDARE*, 11 F.4th at 1159; *Iqbal*, 556 U.S. at 678–79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[.]" *Iqbal*, 556 U.S. at 678. While probability is not required, the "plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The pleading must contain enough

"factual content to nudge [a] claim . . . across the line from conceivable to plausible." *Id.* at 683 (cleaned up). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (cleaned up). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In the FLSA context, there has been disagreement among federal courts regarding where to draw the line between the "possible" and the "plausible." *See*, *e.g.*, *Hall v. DIRECTV, LLC*, 846 F.3d 757, 776 (4th Cir. 2017) (describing circuit split). The Tenth Circuit has not squarely addressed this issue, but the federal courts of appeals that have reached the issue have generally converged on the same fundamental principles. If a plaintiff merely alleges to have "regularly worked hours over 40 in a week and were not compensated for such time," that is "little more than a paraphrase of the statute" and is insufficient. *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012). A plaintiff "must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013); *Davis v. Abington Mem'l Hosp.,* 765 F.3d 236, 241 (3d Cir. 2014) (adopting the *Lundy* standard); *Landers v. Quality Communs., Inc.*, 771 F.3d 638, 644 (9th Cir. 2015) (same); *Hall*, 846 F.3d at 776 (same). This requires a plaintiff to "provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week[.]" *Nakahata v. N.Y.-Presbyterian Healthcare Sys.*, 723 F.3d 192, 201 (2d Cir. 2013). Mere "generalized allegations," with no "detail regarding a given workweek when [the plaintiff] worked in excess of forty hours and was not paid overtime for that given workweek," is insufficient. *Landers*, 771 F.3d at 644–45.

Ultimately, FLSA cases – like any case – must satisfy *Iqbal's* familiar standard. For an FLSA overtime claim, that means it is a plaintiff's burden to plead sufficient "factual content" to "allow[] the court to draw the reasonable inference" that the employer violated the FLSA's requirement to not "employ [the plaintiff] . . . for a workweek longer than forty hours unless [the plaintiff] receive[d] compensation for his employment in excess of [40 hours] at a rate not less than [1.5x] [the plaintiff's] regular rate." *See* § 207(a)(1); *Iqbal*, 556 U.S. at 684. And as with any case, courts "do not need to accept conclusory allegations as true" while conducting that analysis. *Robertson v. Biby*, 647 F. App'x 893, 896 (10th Cir. 2016).

## I. The FAC Fails to Plausibly Plead Non-Discretionary Bonuses in Support of the Regular Rate Claims.

Plaintiff claims JTL paid "non-discretionary bonuses" which were allegedly "based on clearly defined metrics" and that, "although the job bonus was non-discretionary and meant to encourage employees to complete their assigned jobs," JTL failed to include such bonuses in the calculation of the regular rate of pay for overtime purposes. FAC, at ¶¶ 58-59, 68. This theory of an overtime violation fails because the FAC is devoid of allegations sufficient to plausibly plead the existence and non-discretionary nature of any bonus(es).

Plaintiff's allegation that he was entitled to non-discretionary bonuses from JTL is supported only by conclusory assertions and a lone barebones "example," which likewise fails to plausibly plead the nature of any available bonus pay. Such statements do not plausibly state an FLSA overtime claim. The FLSA requires employers to calculate the overtime premium based upon the employee's "regular rate." 29 U.S.C. § 207(a). An employee's "regular rate" generally includes "all remuneration for employment," expressly excludes any payments that "are determined at the sole discretion of the employer at or near the end of the period and not pursuant to any prior contract, agreement, or promise causing the employee to expect such payments

regularly." *Id*. at (e)(3) (emphasis added). The U.S. Department of Labor ("DOL") has elaborated that bonuses are considered to be non-discretionary if, *inter alia*, they are "announced to employees to induce them to work more steadily or more rapidly or more efficiently" or are "awarded according to pre-established criteria." *See* 29 C.F.R. § 778.211(c)–(d).

In the FAC, Plaintiff repeatedly claims he received "non-discretionary" bonuses; however, his conclusory use of the "non-discretionary" label is "not entitled to be assumed true." *See Iqbal*, 556 U.S. at 678, 681; *Smith v. Hillstone Healthcare Inc.*, No. 2:17-CV-1075, 2018 WL 2087137, at *3 (S.D. Ohio May 4, 2018) (holding a declaration characterizing a bonus as "non-discretionary" was conclusory in nature and therefore did not require acceptance as true under *Twombly* and *Papasan* and further reasoning that such a description must be supported by additional factual context as to the circumstances surrounding receipt of the bonus and how it was determined). Plaintiffs are required to assert facts to support the legal conclusion that the bonuses were non-discretionary. *See Edwards v. City of Raleigh*, No. 5:23-CV-683-FL, 2024 WL 4156829, at *12 (E.D.N.C. Sept. 11, 2024) (dismissing an FLSA claim for an alleged "failure to include bonuses in plaintiff's regular rate of pay" on the basis that the plaintiff failed to "plead any facts supporting the inference that bonuses paid to him were nondiscretionary or required to be included in his regular rate of pay"). Like the plaintiffs in *Smith* and *Edwards*, Plaintiff has relied solely on conclusory allegations without any factual enhancement to describe the bonus as non-discretionary.

Instead of pleading supportive facts, Plaintiff merely asserts more conclusory allegations that the bonuses were "based on clearly defined metrics," "a pre-determined formula," and "specific criteria." *See* FAC, ¶¶ 58, 61–62. These allegations do nothing more than brazenly plagiarize the regulation's "pre-established criteria" language. *See* 29 C.F.R. § 778.211(d). The

same holds true for Plaintiff's allegation that the bonuses were "meant to encourage and motivate [employees] to work harder and to reward them for their hard work." *See* FAC, ¶ 60. This allegation merely paraphrases the regulation's language about bonuses which "induce [employees] to work more steadily or more rapidly or more efficiently." *See* 29 C.F.R. § 778.211(c). Plaintiff further claims he was "entitled" to receive these bonuses when he "met the criteria." *See* FAC, ¶ 63. These allegations beg numerous follow-up questions: What are the criteria? Did Plaintiff meet the criteria? What amount of such a formulaic bonus was earned and when? Plaintiff offers no allegations to put the necessary "meat on the bones" to his claim, thereby leaving the alleged non-discretionary nature of the bonus resting solely on conclusory pleadings. Simply put, this is a "naked assertion devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. Such "conclusory allegations . . . are not 'facts.'" *Guy v. Lampert*, 2017 WL 8784492, at *16 (D. Wyo. Dec. 26, 2017), *aff'd*, 748 F. App'x 178 (10th Cir. 2018). And "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

Plaintiff's allegation of one "example" of a single work week in April of 2024 wherein he claims that he was paid overtime at a rate calculated without any consideration to his alleged non-discretionary bonus awarded during the same pay period does not salvage his claim. FAC, ¶ 67. Indeed, this allegation contains the same deficiencies as his other conclusory allegations, adding only that he received this particular bonus in "approximately April of 2024" and that it was for "an assigned job." *See* FAC, ¶ 67. Merely adding a vague timeframe does not metamorphose his generalized assertions into well-pleaded facts. *See*, *e.g.*, *Benge v. Office Depot, LLC*, No. 2:24-cv-00749-DJC-DB, 2024 WL 3794038, at *3 (E.D. Cal. Aug. 13, 2024) (finding the "single additional allegation that includes a specific time period is not enough to state a claim" insufficient because it failed to "provide any meaningful detail"). If, as Plaintiff has claimed, he received these bonuses

"throughout [his] employment" (FAC, ¶ 69), then it is not too much to ask that he provide at least some factual enhancement to his allegations about the "specific criteria" and source of "entitlement" related to these bonuses.

While the Court "cannot at this stage resolve whether the bonuses were in fact discretionary; nevertheless, Plaintiff must adequately allege that to be the case." *E.g., Gutierrez v. Ericsson Inc.*, No. EDCV 23-1665-GW-SHKx, 2023 U.S. Dist. LEXIS 212803, at *10 (C.D. Cal. Nov. 29, 2023).[6] Given he has failed to plausibly plead an FLSA overtime violation related to non-discretionary bonuses, Plaintiff's claim regarding non-discretionary bonuses should be dismissed.

## II. Plaintiff Fails to Plausibly State a Claim for Untimely Overtime Pay.

Plaintiff's theory of FLSA liability around "late" payments similarly fails. Plaintiff alleges that JTL "failed to include several hours of compensation" in one pay period and instead elected to defer payment of said compensation for those hours worked until "weeks later in the form of 'retro pay,'" and therefore "knew the amounts owed and simply did not timely pay them." FAC, ¶¶ 71-72. But these allegations regarding untimely pay also fail to state a claim, as the allegations lack any modicum of support from alleged facts sufficient to nudge the claim "across the line from conceivable to plausible." *See Iqbal*, 556 U.S. at 678.

Foundationally, Plaintiff's theory relies on the premise that all overtime worked must be paid in the next pay period. But the FLSA does not necessarily dictate such timing. *E.g.*, *Davis v. Unified Sch. Dist. No. 500*, 2013 WL 4401855, at *7 (D. Kan. Aug. 15, 2013), *aff'd sub nom. Davis*

---

[6] While *Gutierrez* decided a motion to dismiss for overtime claims under the California Labor Code, it is instructive because the court was applying federal pleading standards and "the language in both statutes is substantially similar." *See Johnson v. Winco Foods, LLC*, No. ED CV 17-2288-DOC (SHKX), 2018 WL 6017012, at *5 (C.D. Cal. Apr. 2, 2018); *see also*, *e.g.*, *Hartstein v. Hyatt Corp.*, 82 F.4th 825, 833 (9th Cir. 2023) ("California follows the federal standard [the (FLSA)] for purposes of determining, under the Labor Code, what constitutes an employee's regular pay subject to an overtime rate.") (brackets in original).

*v. Unified Sch. Dist. 500*, 750 F.3d 1168 (10th Cir. 2014). According to the DOL's interpretative guidance, "[w]hen the correct amount of overtime compensation cannot be determined until some time after the regular pay period, . . . the requirements of the Act will be satisfied if the employer pays the excess overtime compensation as soon after the regular pay period as is practicable." 29 C.F.R. § 778.106.[7] The delay cannot be longer than "is reasonably necessary for the employer to compute and arrange for payment" and cannot be later than the "next payday after such computation can be made." *Id.* (emphasis added). Under this framework, the key element of an FLSA overtime timeliness claim is the timing of when the employer could reasonably "compute and arrange" the overtime payment. *Id.*

Yet, Plaintiff's allegations never reference the date that the computation could be made nor provided any facts in support of a conclusion that the delay was not reasonable; rather, Plaintiff merely alleges that it could have determined and paid the hours in the weeks they were earned but, for whatever reason, "chose to pay these hours late." FAC, ¶ 76. However, without any underlying facts to support his inference about what JTL purportedly "could have reasonably determined" or "chose" to do, these are nothing more than conclusory allegations. *See Matney*, 80 F.4th at 1144. Thus, Plaintiff's allegations fail to plausibly plead to a violation of this rule.

Plaintiff further claims that JTL failed to pay "liquidated damages" for that "unreasonable delay" and failed to pay those hours "at the proper rate as many of these hours qualified as overtime hours." *Id.* at ¶ 78 (cleaned up). But Plaintiff again fails to provide any factual enhancement that plausibly supports why liquidated damages would be appropriate or why the hours "qualified as

[7] While this interpretative guidance is not legally binding, "[c]ourts have held that section 778.106 is a reasonable construction of the FLSA." *Davis*, 2013 WL 4401855, at *7.

overtime hours." Plaintiff instead repeats substantially similar bald assertions multiple times. *See id.* at ¶¶ 79–84.

All that remains is the allegation that during a week in November 2024, JTL paid Plaintiff for 21.50 hours of work that he performed "several weeks" before. *Id.* at ¶ 75. That is inadequate. Under the DOL's framework, the alleged late pay would only be a violation if it were being paid more than one payday "after . . . computation [could] be made." § 778.106. But Plaintiff alleges no well-pleaded facts plausibly supporting that the payment he received that week was after that deadline. He does not allege any details about the circumstances of that payment, such as whether he had timely submitted his timecard. Without at least some well-pleaded facts that address those circumstances, this claim does nothing more than allege the "sheer possibility that [JTL] has acted unlawfully." *Iqbal*, 556 U.S. at 678. That is not enough. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Accordingly, Plaintiff's untimeliness claim fails to state a claim and should thus be dismissed.

**III. Dismissal with Prejudice is Appropriate.**

A plaintiff's "repeated failure to cure deficiencies" warrants dismissal with prejudice. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen v. Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Plaintiff has repeatedly failed to cure the deficiencies described above. The parties met and conferred on November 3 to discuss deficiencies in his original Complaint, which encompassed the issues raised in this Motion, resulting in Plaintiff filing his Amended Complaint on November 14. See Dkts. 6–7, 11. After reviewing the Amended Complaint, Defendant's counsel emailed Plaintiff's counsel on November 19 with a description of the remaining deficiencies and shortly thereafter agreed to transfer venue to the District of Wyoming. See Dkt. 13. The parties met on

December 4 for their second conferral regarding these pleading deficiencies. Despite these opportunities, the issues remain. Given that Plaintiff has repeatedly failed to cure these deficiencies, dismissal with prejudice is appropriate.

## CONCLUSION

For the reasons set forth above, JTL respectfully requests the Court grant its Motion and dismiss Plaintiff's claims regarding non-discretionary bonuses and untimely pay.

DATED: March 4, 2026

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*/s/Jason N.W. Plowman*
David Zwisler, #7-5489
2000 South Colorado Blvd., Suite 900
Denver, CO 80222
Telephone: 303-764-6800
david.zwisler@ogletree.com

Jason N.W. Plowman (admitted *pro hac vice*)
(MN Bar No. 0506391)
Tyler W. Hartney (admitted *pro hac vice*)
(MN Bar No. 0400100)
225 South Sixth Street, Suite 1800
Minneapolis, MN 55402
Telephone: 612-339-1818
jason.plowman@ogletree.com
tyler.hartney@ogletree.com

Paul J. Hulbert (admitted *pro hac vice*) (UT Bar No. 19153)
15 W. South Temple, Suite 950
Salt Lake City, UT 84101
Telephone: 801-658-6100
paul.hulbert@ogletree.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 4th day of March, 2026, I served the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** on the persons identified below:

Carter T. Hastings, TX Bar No. 24101879
Lauren E. Braddy, TX Bar No. 24071993
ANDERSON ALEXANDER, PLLC
101 N. Shoreline Blvd, Suite 610
Corpus Christi, TX 78401
carter@a2xlaw.com
lauren@a2xlaw.com

Qusair Mohamedbhai, WY No. 6-3809
Rathod – Mohamedbhai LLC
2701 Lawrence Street
Denver, CO 80205
qm@rmlawyers.com

*Attorneys for Representative Plaintiff and Putative Collective Members*

☐ U.S. Mail – Postage Prepaid
☐ Hand Delivery
☑ Electronic Filing
☐ Email

*/s/Jason N.W. Plowman*