Qusair Mohamedbhai
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street
Denver, CO 80205
Telephone: (303) 578-4400
Facsimile: (303) 578-4401
qm@rmlawyers.com

Lauren E. Braddy*
Carter T. Hastings*
ANDERSON ALEXANDER PLLC
Corpus Christi, Texas 78418
Telephone: (361) 452-1279
Facsimile: (361) 452-1284
lauren@a2xlaw.com
carter@a2xlaw.com

*Attorneys for Plaintiff*

**Admitted Pro Hac Vice*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| MICHAEL SMITH,<br>Individually and on behalf of all others<br>similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>JTL GROUP, INC.;<br><br>Defendant. | Civil No. 26-cv-00054 |

---

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

---

Plaintiff Michael Smith, individually and on behalf of all others similarly situated ("Plaintiff" or "Plaintiff and the Putative Collective Members" respectfully responds to Defendant JTL Group, Inc.'s ("JTL")[1] Partial Motion to Dismiss Plaintiff's First Amended Complaint ("Motion").

## I. INTRODUCTION

Plaintiff alleges JTL violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, four (4) different ways because it: 1) automatically deducted a 30-minute meal period from its employees' daily time despite having actual and/or constructive knowledge that they regularly worked through their meal break; 2) failed to timely pay its employees their earned wages; 3) required its employees to attend safety meetings while off-the-clock and without compensation; and 4) failed to properly calculate the amount of overtime compensation owed to its employees as a result of its failure to include all forms of compensation (bonuses) into the calculation of the regular rate. JTL—through its Motion—seeks to dismiss Plaintiff's claims that its failure to timely pay its employees violated the FLSA (2) and that it miscalculated its employees' regular rates of pay by failing to include all compensation into the calculation of the regular rate of pay (4).[2] JTL does not seek the dismissal of Plaintiff's First Amended Collective Action Complaint ("Complaint") in its entirety.

JTL's Motion challenging Plaintiff's claims fails at this stage of litigation because Plaintiff's Complaint satisfies the Federal Rules of Civil Procedure ("Rule") as it states a claim upon which relief may be granted and puts JTL on notice of the claims against it. *See* FED. RS.

---

[1] Although JTL stated the wrong entity—also named JTL Group, Inc.—was originally served, it is apparent from its briefing that the correct JTL entity has entered an appearance in this action. *See* ECF No. 28, p.1 fn.1.

[2] At this point, Plaintiff agrees to withdraw his claim that JTL failed to include all forms of compensation into the calculation of his regular rate of pay. Plaintiff does not, however, withdraw his claim that JTL failed to blend his varying rates of pay and thus miscalculated his regular rate for the payment of overtime compensation. *See* ECF No. 1, ¶ 55.

CIV. P. 8, 12(b)(6). JTL may re-urge these issues—if at all—via a timely motion filed pursuant to Rule 56.

## II. LEGAL STANDARD

In addressing a motion to dismiss for failure to state a claim under Rule 12(b)(6), district courts must "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). In doing so, courts "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (internal quotation marks omitted).

"While the 12(b)(6) standard does not require that [a p]laintiff establish a *prima facie* case in [his] complaint," *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Abolaji v. Impact Sports Performance, LLC*, No. 23-CV-02453-GPG-TPO, 2025 WL 2654184, at *4 (D. Colo. July 31, 2025), report and recommendation adopted, No. 23-CV-02453-GPG-STV, 2025 WL 2654180 (D. Colo. Sept. 10, 2025) (quoting *Twombly*, 550 U.S. at 555). "Mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice." *Id.* A court will "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## III. ARGUMENT & AUTHORITY

"'The requirements to state a claim of a FLSA violation are quite straightforward,' requiring [a] plaintiff to show 'a failure to pay overtime compensation and/or minimum wages to covered employees'—no more."[3] *Rayfield v. Sandbox Logistics, LLC*, 217 F. Supp. 3d 1299, 1300 (D. Colo. 2016) (quoting *Renteria–Camacho v. DIRECTV, Inc*., 14–2529, 2015 WL 1399707, at *2–3 (D. Kan. Mar. 26, 2015) (quoting *Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008)). Plaintiff's Complaint more than satisfies the above requirements. JTL attempts to turn the statute on its head by requiring Plaintiff to *plead* facts applicable—not to Plaintiff's claims—to its own defenses. *See generally* ECF No. 28.

The Tenth Circuit has long recognized that exemptions and justifications for non-compliance with FLSA requirements are affirmative defenses that employers must plead and prove. *See Renfro v. City of Emporia, Kan*., 741 F. Supp. 887 (1990) (recognizing that exemptions are affirmative defenses for which the burden of pleading and proof rests on the defendant); *Lederman v. Frontier Fire Protection, Inc*., 685 F.3d 1151 (2012) (same); *Prince v. Kansas City Tree Care, LLC*, 660 F. Supp. 3d 1082 (2023) (same). In *Perez v. El Tequila*, the Tenth Circuit explicitly held that "claiming discretionary bonuses that should not be included in an employee's regular wage is an affirmative defense for which the employer, not the Secretary of the Department of Labor, bears the burden of proof" when calculating back-wages for FLSA overtime violations.

[3] Contrary to JTL's briefing, although not relevant to the actual issues before the Court, district courts in the Tenth Circuit typically hold that "it is not necessary for a complaint to provide dates, number of overtime hours worked, or approximate wages owed at the pleading stage." *See Guereca v. Cordero*, 487 F. Supp. 3d 1138, 1154 (D.N.M. 2020).

*Perez v. El Tequila, LLC*, 847 F.3d 1247 (2017).[4] This demonstrates the Tenth Circuit's approach of placing the burden on employers to establish justifications for payment calculations that deviate from standard FLSA requirements.

The regulatory framework in 29 C.F.R. § 778.106 permits an employer to delay payment only when "reasonably necessary for the employer to compute and arrange for payment," and courts have recognized this as providing employers with a defense or justification for timing delays rather than as an element plaintiffs must negate. *See Davis v. Unified Sch. Dist. No. 500*, No. 12-2013-EFM, 2013 WL 4401855, at *7 (D. Kan. Aug. 15, 2013), aff'd sub nom. *Davis v. Unified Sch. Dist. 500*, 750 F.3d 1168 (10th Cir. 2014).

In *Davis v. Unified School District No. 500*, the district court analyzed whether the employer's delayed payments violated the FLSA by examining whether payment was made "as soon as practicable" and whether the delay was "reasonably necessary"—treating this as a matter the employer needed to justify rather than something the plaintiff had to disprove. *See id.* The court granted summary judgment to the employer only after finding "no reasonable jury would conclude from the evidence presented that USD 500 violated the FLSA by unreasonably delaying the payment," indicating the *employer* (not the plaintiff) bore the burden of demonstrating compliance with the timing requirements. *Id.*

The same analytic framework is evinced in other Circuits when this issue has been presented. In *Brooks v. Vill. of Ridgefield Park*, 185 F.3d 130, 135 (3d Cir. 1999), the Third Circuit noted that the district court

> thoughtfully reasoned that were it to hold that "an employer is not obligated to compensate an employee for overtime worked during a given week on the regular pay day for that week, this would lead to an ambiguous standard for determining

[4] Notably, had Plaintiff continued to assert JTL improperly excluded bonus payments from the calculation of his regular rate of pay, JTL's motion to dismiss would be denied because it cannot obtain a dismissal of claims based on an alleged failure to plead facts relevant only to its own affirmative defenses.

> when wages became 'unpaid' under the statute. Employers would then be permitted to withhold overtime compensation for some undefined period of time without incurring any legal liability and employees would be left with no recourse during this delay." The court therefore concluded that the Village violated Section 207(a) of the FLSA ***unless*** the Village satisfied the exception found within the bulletin. The exception permits an employer to delay payment for a period "reasonably necessary for the employer to compute and arrange for payment of the amount due if the correct amount of overtime compensation cannot be determined until some time after the regular pay period[.]"The court concluded that the Village failed to make any evidentiary showing that the exception contained in the bulletin applied. It therefore held that the Village was required to pay the plaintiffs for overtime on the regular pay day for each week.

185 F.3d 130, 135 (upholding the decision of the lower court finding the employer violated the FLSA) (internal citations omitted) (emphasis added). It is thus axiomatic that the question of whether an employer was unable to reasonably determine the correct amount of overtime to ensure payment is timely made could be the basis for the dismissal of an employees' FLSA claims—with prejudice.

Ultimately, whether JTL's failure to timely pay its employees their earned overtime was the result of a "reasonably necessary" delay is an argument that JTL—not Plaintiff—must present. Even if JTL's argument addressed an actual element of Plaintiff's cause of action, JTL cannot avoid the fact that Plaintiff's complaint specifically alleges that JTL knew the number of hours worked and chose not to pay them, anyway. *See* ECF No. 1, ¶¶ 70–79. Frankly, it is not clear what additional facts JTL demands Plaintiff plead. *Why* JTL paid Plaintiff late is an issue that JTL must address.

JTL cannot avoid liability on this issue by artful manipulation of the Federal Rules of Civil Procedure. Even assuming *arguendo* that JTL had a reasonable explanation for its failure to pay its employees on time—JTL still violated the FLSA. Plaintiff's Complaint contends that *when* JTL eventually paid Plaintiff his "retro" pay—it did so at a straight time rate and thus failed to pay him the overtime he was legally owed. *See* Complaint, ECF No. 1, ¶¶ 74–78. While 29 C.F.R.

§ 778.106 may provide an employer an exception to the general rule that all time worked must be paid in the next corresponding workweek—it did not (and does not) relieve an employer of the obligation to pay overtime at time and one half the employee's regular rate of pay. *See* 29 U.S.C. § 216(b). The key distinction is that difficulty in calculating overtime affects *when* payment is due, not *whether* payment is due. *Compare* 29 U.S.C. §§ 207, 216(b) *with* 29 C.F.R. § 778.106. An employer who fails to pay proper overtime compensation remains liable under 29 U.S.C. § 216(b) for "unpaid overtime compensation" and "an additional equal amount as liquidated damages."

## IV. REQUEST LEAVE TO AMEND

Alternatively, should this Court determine Plaintiff's Complaint does not sufficiently state a claim upon which relief may be granted, Plaintiff respectfully seeks leave to amend to address any deficiencies.

## V. CONCLUSION

Plaintiff's Complaint includes well-supported claims for relief under the FLSA and puts JTL o n notice of the claims alleged against it. Plaintiff is not required to plead facts that address exceptions to the FLSA's statutory framework as JTL, not Plaintiff, must establish that any exception applies in this matter. Plaintiff therefore respectfully prays that this Court DENY JTL's Partial Motion to Dismiss and order it to file its Answer in this matter.

Dated: March 30, 2026

*s/ Lauren E. Braddy*
Lauren E. Braddy*
Carter T. Hastings*
ANDERSON ALEXANDER PLLC
Corpus Christi, Texas 78418
Telephone: (361) 452-1279
Facsimile: (361) 452-1284
lauren@a2xlaw.com
carter@a2xlaw.com

and

Qusair Mohamedbhai
RATHOD | MOHAMEDBHAI LLC
2701 Lawrence Street
Denver, CO 80205
Telephone: (303) 578-4400
Facsimile: (303) 578-4401
qm@rmlawyers.com

*Attorneys for Plaintiff*

* *Admitted* Pro Hac Vice

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2026, a true and correct copy of Plaintiff's Response in Opposition to Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint was filed using the CM/ECF System and served to all counsel of record.

s/ *Lauren E. Braddy*
Lauren E. Braddy