David Zwisler, #7-5489
2000 South Colorado Blvd., Suite 900
Denver, CO 80222
Telephone: 303-764-6800
david.zwisler@ogletree.com

Jason N.W. Plowman (admitted *pro hac vice*)
(MN Bar No. 0506391)
Tyler W. Hartney (admitted *pro hac vice*)
(MN Bar No. 0400100)
225 South Sixth Street, Suite 1800
Minneapolis, MN 55402
Telephone: 612-339-1818
jason.plowman@ogletree.com
tyler.hartney@ogletree.com

Paul J. Hulbert (admitted *pro hac vice*) (UT Bar No. 19153)
15 W. South Temple, Suite 950
Salt Lake City, UT 84101
Telephone: 801-658-6100
paul.hulbert@ogletree.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| MICHAEL SMITH, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>JTL GROUP, INC.,<br><br>Defendant. | **REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Case No. 26-cv-00054-ABJ |

Defendant JTL Group, Inc. ("JTL") respectfully submits this Reply Memorandum in support of its Partial Motion to Dismiss ("Motion") Plaintiff Michael Smith's ("Plaintiff") First Amended Complaint ("FAC").

As detailed in JTL's initial brief, Plaintiff's FAC purports to assert four theories of liability pleaded within a single cause of action asserted under the Fair Labor Standards Act (FLSA"), two of which are facially deficient theories that cannot withstand a Rule 12 motion to dismiss:

The first facially deficient theory is premised, in-part, upon Plaintiff's allegation that JTL miscalculated his regular rate by failing to include non-discretionary bonuses, which lacked sufficient facts to plausibly plead the non-discretionary nature of the bonus. FAC, at ¶¶ 58–69. In his Opposition Brief, Plaintiff withdrew this theory. (Opposition at 2, n. 2) (withdrawing only the theory that any nondiscretionary bonuses were improperly excluded from the regular rate, leaving only the blended rate component to this theory). The second (and lone remaining) facially deficient theory is premised upon Plaintiff's allegation that JTL failed to timely pay its employees. (FAC at ¶¶ 70–71). Plaintiff's Opposition Brief fails to salvage the shortcomings of the second facially deficient theory.

## LAW AND ARGUMENT

### I. The Non-Discretionary Bonus Theory Should Be Dismissed as Conceded.

Plaintiff's Complaint alleged that JTL failed to include non-discretionary income in the regular rate under two separate theories: (1) JTL failed to include non-discretionary bonus pay into Plaintiff's regular rate; and (2) JTL failed to blend rates together when calculating the regular rate of pay. (FAC at ¶¶ 54-55). JTL's Motion to Dismiss addressed only the first theory as facially deficient. Plaintiff has affirmatively conceded this point in the Opposition Brief. (Opposition at 2, n. 2). On this basis, JTL requests the Court dismiss Plaintiff's claim regarding non-discretionary bonuses.

### II. Plaintiff's Claim for Untimely Overtime Pay Remains Facially Deficient.

While the FLSA does not mandate specifically when overtime compensation must be made, the Department of Labor has published an interpretive bulletin on the issue – which courts

have found to be a reasonable construction of the FLSA – that has been applied to create a cause of action upon an employer's delay in payment "for a period longer than is reasonably necessary for the employer to compute and arrange for payment of the amount due and in no event may payment be delayed beyond the next pay day after such computation can be made." *See Davis v. Unified Sch. Dist. No. 500*, No. 12-2013-EFM, 2013 WL 4401855, at *7 (D. Kan. Aug. 15, 2013), *aff'd sub nom. Davis v. Unified Sch. Dist. 500*, 750 F.3d 1168 (10th Cir. 2014) (quoting 29 C.F.R. § 778.106). Here, Plaintiff failed to plead any factual support to plausibly plead that JTL failed to issue any paycheck(s) as soon as practicable – this is dispositive. *See id*. (granting summary judgment in favor of an employer where the employee had not offered any evidence to show that the "paycheck was not issued as soon as practicable").

In his Opposition Brief, Plaintiff seeks to circumvent his obligation to plausibly plead that JTL did not issue the check as soon as practicable by mischaracterizing this element of his claim as an affirmative defense. Plaintiff mistakenly relies on *Davis* as purportedly "treating this as a matter the employer needed to justify rather than something the plaintiff had to disprove." (Opposition at 5). While Plaintiff accurately summarizes that the court in *Davis* granted summary judgment after concluding that no reasonable jury could conclude that there was an unreasonable delay, his conclusion that this indicates that the employer "bore the burden of demonstrating compliance with the timing requirements" overlooks the court's commentary that "[Plaintiff] Davis offers no other evidence to show that the November 30, 2012, paycheck was not issued as soon as practicable" before further noting the employer had provided a 30-day estimate as necessary to compute the overtime. *Davis*, 2013 WL 4401855, at *7 (D. Kan. Aug. 15, 2013) (emphasis added). Thus, to the contrary of Plaintiff's summary, the Court first looked to Davis to provide factual support for this component of his claim – not the employer. *See id*. Further, other

matters relied upon by Plaintiff, *Renfro* and *Perez*, address issues entirely unrelated to claims for untimely payment of overtime wages, which even Plaintiff acknowledges is the burden associated with "justifications for payment calculations." (Opposition at 4-5) (explaining reliance on *Renfro v. City of Emporia, Kan*., 741 F. Supp. 887 (1990); *Perez v. El Tequila, LLC*, 847 F.3d 1247 (2017)). These holdings do not address an alleged failure to promptly pay overtime wages. As detailed above, *Davis* did not describe a claim for the alleged failure to promptly pay overtime in this same manner. Moreover, Plaintiff is unable to point to any opinions from courts within this circuit that, contrary to *Davis*, qualify this component of his claim as an exception or affirmative defense.

Plaintiff asserts "it is not clear what additional facts JTL demands Plaintiff plead." (Opposition at 6). The answer is straightforward: Plaintiff must allege facts that, taken as true, plausibly demonstrate JTL could have computed and paid overtime sooner than it did. *See* 29 C.F.R. § 778.106. Without any such facts, Plaintiff's allegation that JTL "knew the amounts owed and simply did not timely pay them" is simply conclusory. FAC, ¶ 72. This conclusory allegation, standing alone, fails to reach plausibility and therefore is insufficient under *Iqbal*. Therefore, Plaintiff has not provided well-pleaded allegations establishing a necessary element of the claim under the regulation. Accordingly, Plaintiff's untimeliness claim fails to state a claim and requires dismissal.

**III. Dismissal with Prejudice is Warranted.**

Plaintiff's request for leave to amend should be denied. As noted in JTL's initial motion brief, Plaintiff has already amended his Complaint and, since then, counsel have conferred regarding the remaining deficiencies, and now Plaintiff has had an opportunity to review JTL's

Motion to Dismiss. Given his repeated failure to cure these deficiencies, however, the Court should dismiss the claims at issue with prejudice. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

## CONCLUSION

For the reasons set forth above, JTL respectfully requests that the Court grant its Motion and dismiss Plaintiff's conceded claim regarding non-discretionary bonuses as well as Plaintiff's claim regarding untimely pay, with prejudice.

DATED: April 13, 2026 OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*/s/ Jason N.W. Plowman*

David Zwisler, #7-5489
2000 South Colorado Blvd., Suite 900
Denver, CO 80222
Telephone: 303-764-6800; Email: david.zwisler@ogletree.com

Jason N.W. Plowman (admitted *pro hac vice*) (MN Bar No. 0506391)
Tyler W. Hartney (admitted *pro hac vice*) (MN Bar No. 0400100)
225 South Sixth Street, Suite 1800
Minneapolis, MN 55402
Telephone: 612-339-1818
Email: jason.plowman@ogletree.com; tyler.hartney@ogletree.com

Paul J. Hulbert (admitted *pro hac vice*) (UT Bar No. 19153)
15 W. South Temple, Suite 950
Salt Lake City, UT 84101
Telephone: 801-658-6100; Email: paul.hulbert@ogletree.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of April, 2026, I served the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** on the persons identified below:

Carter T. Hastings, TX Bar No. 24101879
Lauren E. Braddy, TX Bar No. 24071993
ANDERSON ALEXANDER, PLLC
101 N. Shoreline Blvd, Suite 610
Corpus Christi, TX 78401
carter@a2xlaw.com
lauren@a2xlaw.com

☐ U.S. Mail – Postage Prepaid
☐ Hand Delivery
☑ Electronic Filing
☐ Email

Qusair Mohamedbhai, WY No. 6-3809
Rathod – Mohamedbhai LLC
2701 Lawrence Street
Denver, CO 80205
qm@rmlawyers.com

*Attorneys for Representative Plaintiff and Putative Collective Members*

*/s/Jason N.W. Plowman*