FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2026 SEP 29 AM 8: 24
MARGARET BOTKINS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

MICHAEL SMITH, individually and on behalf of all others similarly situated;

Plaintiffs,

VS.

JTL GROUP, INC.,

Defendant,

Case No. 26-CV-54-ABJ

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on Defendant's Motion to Dismiss. (ECF No. 27). The Court has reviewed the filings and the applicable law and is fully advised. For the following reasons, the Court finds that Defendant's motion to dismiss is DENIED.

**BACKGROUND**

Plaintiff's First Amended Complaint (FAC) alleges that Defendant JTL violated the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–19. The FAC contains a single count asserting that Defendant JTL failed to properly pay Plaintiff and other similarly situated workers appropriate overtime in violation of the FLSA. The allegations supporting the claim are based on four (4) categories of JTL's actions. Specifically, Plaintiff alleges that JTL: 1) automatically deducted a 30-minute meal period from its employees' daily time despite having actual and/or constructive knowledge that they regularly worked through

their meal breaks; 2) failed to timely pay its employees their earned overtime; 3) required its employees to attend safety meetings while off-the-clock and without compensation; and 4) failed to properly calculate the amount of overtime compensation owed to its employees as a result of its failure to include all forms of compensation into the calculation of the regular rate. Plaintiff brings his claim on his own behalf and on behalf of all similarly situated employees.

This case was originally filed in the U.S. District Court for the District of North Dakota, but was transferred to this Court pursuant to the parties' joint motion to transfer venue. (ECF No. 14). After the transfer, JTL filed this motion to dismiss. JTL's motion to dismiss does not seek dismissal of the single count in the FAC. Rather, JTL appears to be challenging the sufficiency of the factual allegations that Plaintiff claims violated the FLSA. First, JTL claims that Plaintiff's allegations that it failed to include non-discretionary bonus pay in the calculation of overtime are insufficient to state a claim. JTL also claims that the allegations that it failed to timely pay overtime are legally insufficient to state a claim. Yet these theories or basis for relief are not independent claims, but part of the same FLSA claim. The FAC properly asserts a claim that JTL violated the FLSA and puts JTL on notice of the factual basis for the claim. Thus, JTL's motion to dismiss is DENIED.

## LEGAL STANDARD

Rule 12(b)(6) allows a defendant to move to dismiss a claim for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, a pleading must contain "a short and plain statement of the claim showing that the pleader is

entitled to relief." Fed. R. Civ. P. 8(a)(2), 12(b)(6). While this is a low hurdle and the plaintiff need only "nudge[] their claims across the line from conceivable to plausible[,]" the complaint must still contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility is present "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Tenth Circuit has held "plausibility" in this context to "refer to the scope of the allegations in a complaint" rather than their likelihood of truth. *Robbins v. Okla. ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). If the allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). Rather, "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.*

Dismissal under Rule 12(b)(6) is proper "only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000) (quoting *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992)). In considering the plaintiff's claims, the court must "accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Generally, the plaintiff need not allege specific facts in their complaint and "need only give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests." *Erikson v. Pardus*, 551 U.S. 89, 93 (2007). However, a mere "formulaic recitation of the elements of a cause of action" is insufficient, as are "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations omitted). The standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

**ANALYSIS**

Plaintiff's complaint asserts a single cause of action for a Collective Action alleging FLSA violations (ECF No. 11 at 13-17). Plaintiff claims JTL failed to properly calculate and pay Plaintiff, and similarly situated employees, overtime. As part of the factual allegations supporting that cause of action, Plaintiff asserts several actions by JTL that it alleges violated the FLSA.

In its motion to dismiss, JTL does not seek to dismiss the single count in the complaint. Rather, JTL asserts that Plaintiff purports four theories of liability within this single cause of action. Then JTL claims that two of the "theories" cannot withstand JTL's motion to dismiss. JTL goes on to treat these "theories" as individual "claims," each subject to a motion to dismiss. As previously noted, Rule 12(b)(6) allows a defendant to move to dismiss a claim for failure to state a claim upon which relief can be granted. The claim here is a collective action accusing JTL of FLSA violations by failing to properly compensate its employees for their overtime hours. There is no question that the FAC states a claim for the only cause of action in the FAC.

It appears that JTL seeks to either dispute or strike allegations supporting the FAC. Rule 12(f) provides a mechanism for making such a request. "The court may strike from a

pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, JTL does not assert that any of the allegations are redundant, immaterial, impertinent, or scandalous. Rather, JTL asserts that these allegations are insufficient to assert a claim. That may be the case if the four individual theories were all separate claims for relief. For example, if Plaintiff's claim was based solely on improper calculation of the hourly rate based non-discretionary bonus pay and/or failure to timely pay the overtime, then a review of the sufficiency of those allegations would be proper. However, these allegations are combined with other allegations into a single class-wide violation of the FLSA—a single claim for relief. As a result, Plaintiff's claim that JTL violated the FLSA by failing to properly pay overtime is properly pled based on the allegations in the FAC. JTL attempts to seek an early ruling from the Court on whether certain actions by JTL constituted violations of the FLSA, not whether the allegations fail to assert a cause of action. This is not an appropriate use of a motion to dismiss.

The Court would note that while Plaintiff agreed to "withdraw his claim that JTL failed to include all forms of compensation into the calculation of his regular rate of pay", the Plaintiff maintained its claim that "JTL failed to blend his varying rates of pay and thus miscalculated his regular rate for the payment of overtime compensation." (ECF No. 41 at 2.).[1] The Court will leave the parties to address this concession as appropriate as the case

[1] Plaintiff's response cites the original complaint, which is no longer the operative complaint. This allegation appears in the FAC at ¶ 59. (ECF No. 11 ¶ 59).

proceeds. However, there is no independent claim that JTL failed to include all forms of compensation for JTL to withdraw.

Plaintiff's allegations in the FAC plausibly allege a single claim of collective action for FLSA violations in the calculation and payment of overtime. This includes the claim that JTL did not pay overtime benefits in a timely manner. The FAC also puts JTL on notice of the facts supporting Plaintiff's claim that JTL violated the FLSA. At this stage in the proceedings, that is all that is required.

**IT IS ORDERED** that Defendant's motion to dismiss theories from Plaintiff's First Amended Complaint (ECF No. 11) is **DENIED.**

Dated this 28th day of September, 2026.

Alan B. Johnson
United States District Judge