FILED

1:15 pm, 10/5/26

Margaret Botkins
Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

MICHAEL SMITH, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

JTL GROUP, INC.,

Defendant.

Case No. 26-CV-00054-ABJ

# ORDER GRANTING *STIPULATED MOTION TO STAY*

**THIS MATTER** is before the Court's on the parties' *Stipulated Motion to Stay* [ECF No. 53]. The parties provide that they are "discuss[ing] potential resolution" of the matter and request a 30-day stay of the case so as to not be burdened by "the pressures of litigation deadlines" while doing so. *See id.* at ¶¶ 1, 3.

It is well-settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering a motion to stay, "the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery, (4) the interests of

nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery." *Motor Works Denver, Ltd. v. Aerosonic Corp.*, 2012 WL 5878162, at *1 (D. Colo. Nov. 29, 2012).

The first two factors considering the interests of Plaintiff and the burden on Defendants weigh in favor of granting a stay because both parties have stipulated to move for a stay of the case. *See Slawson Exploration Co., Inc. v. Arch Specialty Ins. Co.*, 2015 WL 7014451, at *2 (D. Colo. Nov. 15, 2015). The third factor, the convenience of a stay to the Court, ultimately weighs in favor of granting the stay. Although the parties are scheduled to appear at an initial pretrial conference that would occur during the thirty-day stay [ECF No. 52], "it is certainly more convenient for the Court to grant the stay . . . until it is clear that the case will proceed" in light of the parties' resolution discussions. *See Motor Works Denver, Ltd.*, 2012 WL 5878162, at *2. As for the fourth factor, the parties have not identified any nonparty interests that would be affected by the stay in their motion and thus this factor does not weigh in favor of either granting or denying the stay. *Id.* The fifth factor concerning the public interest, which calls for an "efficient and just resolution," *see id.*, weighs in favor of granting the motion because "[t]he requested stay would conserve judicial and party resources and would not injure either party or the public." [ECF No. 53]. The factors therefore weigh in favor of the Court granting the parties' motion to stay. *See Motor Works Denver, Ltd.*, 2012 WL 5878162, at *1–2.

**IT IS ORDERED** that the parties' *Stipulated Motion to Stay* be and hereby is **GRANTED**. The case is stayed for **thirty (30) days** until **November 4, 2026**, and the initial pretrial conference scheduled on October 27, 2026 [ECF. No. 52] is **VACATED**.

Dated this 5th day of October, 2026.

Scott P. Klosterman
United States Magistrate Judge